IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

M.S.P.C.,

    Petitioner,

v.                                                      CIV 14-769 JCH/CG

U.S. Customs and Border Protection; U.S.
Department of Homeland Security; Jeh
Johnson, Secretary of DHS; Eric H. Holder,
Jr., Attorney General of the United States; R.
Gil Kerlikowske, Commissioner of CBP;
Thomas S. Winkowski, Principal Deputy
Assistant Secretary, Immigration and
Customs Enforcement; Leon Rodriguez,
Director of U.S. Citizenship and Immigration
Services; Hector Mancha, El Paso Director of
Field Operations, CBP; Martin E. Zelenka,
ICE Officer-in-Charge, Artesia; and Adrian
P. Macias, El Paso Field Office Director,
ICE,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner M.S.P.C's Motion for Relief from Judgment on Grounds of Mootness and Memorandum of Law in Support of Motion (ECF No. 50). The Government opposes the motion. The Court, having considered the briefs, evidence, and applicable law, concludes that the motion for relief should be granted and the judgment of the Court in this case should be vacated for mootness.

**I.    Background**

On October 16, 2014, this Court entered a Memorandum Opinion and Order denying Petitioner's Emergency Motion for Stay of Removal for lack of jurisdiction. Mem. Op. and

Order 1, ECF No. 47. That same day, the Artesia Asylum Team Lead for the United States Citizenship and Immigration Services notified M.S.P.C. that her negative credible fear determination had been reconsidered and that she would be scheduled for a re-interview. Decl. of Robert L. Daum ¶ 10, ECF No. 52-1. The next day, the Court entered its Judgment in favor of Respondents on Petitioner's claim based on lack of jurisdiction. Judgment, ECF No. 48. On October 21, 2014, an Asylum Officer conducted a second credible fear interview for M.S.P.C. and submitted a positive credible fear determination, based on M.S.P.C.'s membership in a particular social group of Salvadorian women unable to leave a domestic relationship. Decl. of Robert L. Daum ¶ 11, ECF No. 52-1. On October 24, 2004, M.S.P.C. was served with a Notice to Appear and placed into removal proceedings before an immigration judgment. *Id.* Plaintiff received all the relief she requested, so the dispute became moot.

On December 10, 2014, Petitioner filed a motion to set aside the judgment on grounds of mootness, arguing that vacatur must be granted because mootness resulted from the unilateral action of the Government, the prevailing party in the lower court, depriving her of an opportunity for appellate review. Petitioner's Mot. 3, ECF No. 50. The Government contends the motion should be denied because this Court's decision serves the public interest and vacatur is only appropriate in cases involving a decision on the merits that later becomes moot, not decisions based on purely jurisdictional grounds. Resp. 1, ECF No. 52.

**II.   ANALYSIS**

The Supreme Court has directed that the disposition of moot cases must be done in a manner "most consonant to justice in view of the nature and character of the conditions which have caused the case to become moot." *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 24 (1994) (quoting *United States v. Hamburg-Amerikanische Packetfahrt-Actien*

*Gesellschaft*, 239 U.S. 466, 477-78 (1916)). "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *Id.* at 25. "The same is true when mootness results from unilateral action of the party who prevailed below." *Id.* Because vacatur is a form of equitable relief, courts must take into account the public interest. *Id.* at 26. "[T]he public interest is best served by granting relief when the demands of orderly procedure cannot be honored." *Id.* at 27 (internal quotations and citation omitted).

Consequently, the "ordinary course" when a case has become moot on appeal by no fault of the party seeking vacatur is to vacate the judgment below. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1129 (10th Cir. 2010). The rationale of *Bancorp* "also governs the district court's decision whether to vacate its own judgment pursuant to Fed. R. Civ. P. 60(b)." *Id.* at n.20.

This Court is not convinced that the equitable vacatur remedy is limited to cases decided on their merits. *Cf. Alejandrino v. Quezon*, 271 U.S. 528, 531, 535-36 (1926) (vacating judgment below, despite lower court's dismissal for lack of jurisdiction, where case had become moot on appeal); *Li v. Eddy*, 324 F.3d 1109, 1110 (9th Cir. 2003) (vacating earlier opinions holding that courts lacked authority to review merits of claim and dismissing appeal as moot). *Bancorp*'s reasoning that fairness weighs in favor of mooting a judgment in which the prevailing party's unilateral action frustrated the losing party's ability to seek review thus applies here. Although this Court's decision may have value to the legal community and public as published judicial precedent, this interest does not outweigh the public interest in "granting relief when the demands of orderly procedure cannot be honored." *See Bancorp*, 513 U.S. at 27. Notably, a district court's decisions have limited precedential value.

The Government made virtually the same arguments against vacatur before the Fifth Circuit in *Diaz-Rodriguez v. Holder*, No. Civ. 14-31103. Like this Court, the lower court had also dismissed the case for lack of jurisdiction. *Diaz Rodriguez v. U.S. Customs and Border Protection*, No. Civ. 14-2716, at 7, 2014 WL 4675182 (W.D. La. Sept. 18, 2014). The Fifth Circuit nevertheless entered an order granting appellant's opposed motion to vacate the district court's judgment for mootness. The Fifth Circuit thus seems to have determined that the equitable considerations in the *Bancorp* line of cases similarly extend to judgments based on lack of jurisdiction. This Court sees no reason not to follow the Fifth Circuit's lead and the "ordinary course" when a case becomes moot on appeal by no fault of the party seeking vacatur.

**IT IS THEREFORE ORDERED** that Petitioner M.S.P.C's Motion for Relief from Judgment on Grounds of Mootness and Memorandum of Law in Support of Motion (**ECF No. 50**) is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**